## BLAIR ET AL. V. BRUNS.

Where a latent ambiguity occurs in a deed the same may be explained by extrinsic proof.

*Appeal from District Court of San Juan County.*

THE facts are stated in the opinion.

Mr. JOHN G. TAYLOR and Mr. SAM. P. ROSE, for appellants.

Mr. H. O. MONTAGUE, for appellee.

HELM, J. On October 22, 1877, Caulder, being the equitable owner, through a town-site entry, of an undivided one-twelfth interest in certain lots within the town of Silverton, executed a quitclaim deed attempting to convey the same to one Rowland. On July 18, 1881, said Rowland attempted by quitclaim deed to convey the property to appellee, Bruns. Both of said deeds were duly recorded in the office of the clerk and recorder of the proper county. On the 5th of May, 1882, Caulder executed another quitclaim deed conveying the property mentioned in the complaint to one Alexander, and on May 12th following, Alexander in like manner conveyed to appellant Blair.

The purpose of this action is to determine which of these grantees is entitled in law to the interest of Caulder; *i. e.*, to whom the trustee, who is made a nominal party, and disclaims all personal interest, shall convey the legal title. Appellant challenges the sufficiency of the conveyance from Caulder to Rowland, and from the latter to Bruns. Some question is made as to the *bona fides* of the transactions between Caulder, Rowland and Bruns, but this issue was not sustained, and is practically abandoned on the appeal.

A defective description is the ground of attack here urged. In this respect these deeds are exactly alike.

Omitting the first clause, which locates the property in the county of San Juan and state of Colorado, the description is as follows:

"All the right, title, interest and demand which the said party of the first part has, or ought to have, in and to all those lots and parcels of land lying in the town of Silverton, in said venue, which remained undivided among the proprietors of said town site upon delivery of deeds by the trustee, S. E. Jones, of the said town site to the said proprietors; the same being one-twelfth undivided interest in said undivided lots."

The complaint, and also the deeds through which Blair claims title, specifically describe five certain lots within the town named. If the deed to Bruns operated to convey title, Caulder's interest in these lots passed to Bruns by virtue of his prior conveyance. Is the foregoing description so uncertain as that the attempted conveyance to Rowland must be held to have failed of its purpose? We think not. In the *first* place, it shows that the parties contracted concerning a definite portion, one-twelfth, of certain lots or parcels of land in the town of Silverton, county of San Juan and state of Colorado; and *secondly*, it describes the same as the lots or parcels of land which remained undivided among the proprietors of the town site of said town upon a prior delivery of deeds by the trustee to such proprietors. It covered all of Caulder's interest in the undeeded portion of the town site of Silverton. The description contains no patent ambiguity; the language used is certain and plain. The only doubtful thing about it is that it omits to specifically enumerate the lots or parcels of land which had not been conveyed by the trustee of the town site. This is, in our judgment, such an omission as may be supplied by extrinsic proofs. Such proofs would in no way tend to vary or contradict the terms of the written instrument; on the contrary, by extinguishing a latent ambiguity, they would make it possible to effectuate the intent of the contracting parties.

"For this purpose [to apply the terms of the instrument to the subject-matter], extrinsic evidence must be admissible in the interpretation of every instrument, and the law will not declare the instrument void for uncertainty until it has been examined with all the light which contemporaneous facts may furnish." Mr. Justice Field, in *Stanley v. Green*, 12 Cal. 148. See, also, authorities there cited. See notes 487 and 510, Cow. & H.'s notes to Phil. Ev.

Holding, as we do, that the deeds under consideration were not void for uncertainty, it follows that the judgment must be affirmed; for the application of the rule calling for the "best evidence of which the case in its nature is susceptible" is here obviated by the pleadings. The answer admits Caulder's interest in the particular lots in controversy at the time he executed the Rowland conveyance; it also admits that these lots then constituted a part of the undeeded lands embraced in the town site of Silverton. Hence there existed no necessity for proving that such lots were among those which the trustee had not conveyed to the beneficiaries. The oral proofs on this subject would not, therefore, in any event, constitute grounds for reversal. The judgment is affirmed.

*Affirmed.*